UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION ) | Misc. No. 13 MJ 7043 |
| OF ALEXANDER HILTON ) | |
| _____ ) | |

## MEMORANDUM OF LAW OPPOSING FURTHER STAY

The Court has found that Alexander Hilton is extraditable to the United Kingdom for the offense of attempted murder. At the extradition hearing in this matter, counsel for Hilton requested that any decision in favor of the government be stayed so that Hilton would have the opportunity to challenge the decision by habeas and appeal. The government did not object to relief that permitted such challenge. In its decision of May 3, the Court stated, "the Certificate of Extradition is stayed for 60 days from the date of its issuance to allow Hilton to pursue habeas relied and, if a petition for writ of habeas corpus is denied, during the pendency of such proceedings." Additionally, the Court denied the government's request that Hilton be detained and ordered him to remain on the same conditions of release previously imposed.[1] The government submits that, for the reasons set forth below, a stay is unnecessary to facilitate habeas review by the district court, legally ambiguous, and may lead to unwarranted delay in this matter. Accordingly, the government requests that the Court lift the stay and issue the proposed

---

[1] The Court further ordered the government to file a proposed extradition certification and order of commitment. The Proposed Certification and Order is being filed separately this same date. The Court also ordered the parties to confer and submit to the Court a joint proposed order regarding whether the exhibits should continue to be sealed. The parties have conferred and agree that all exhibits previously sealed can be ordered unsealed.

1

Certification and Order of Commitment. Likewise, the government renews its argument that the statute requires Hilton be detained upon certification.

After the magistrate judge's issuance of the certification and committal order, a fugitive can challenge that decision only by petitioning the District Court for a writ of habeas corpus. *Joseph v. Hoover*, 254 F.Supp.2d 595, 598 (D.Virgin Islands,2003) ("There is no direct appeal from an extradition decision. *See United States v. Allen*, 613 F.2d 1248, 1252 (3d Cir.1980); *see also Collins v. Miller*, 252 U.S. 364, 369, 40 S.Ct. 347, 64 L.Ed. 616 (1920) (finding that extradition orders cannot be appealed under 28 U.S.C. § 1291 because they do not constitute "final decisions of a district court"). Rather, an individual seeking to challenge a magistrate judge's extradition order must pursue a writ of habeas corpus."); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2nd Cir. 1973). That petition depends on the entry of the underlying certification and committal order.[2]

By statute, the Secretary of State has two calendar months from the date of the Court's certification in which to deliver the fugitive to the requesting country, should he decide to do so. 18 U.S.C. § 3188. However, it is the practice of the Secretary of State to suspend his deliberative process under 18 U.S.C. §§ 3186 and 3188 as to extradition and surrender while habeas corpus litigation is ongoing before the district court. The Foreign Affairs Manual specifically provides that "if a fugitive seeks judicial review of the extradition judge's finding of extraditability, the Department suspends its final review of the case." 7 FAM 1634.3(f).

Likewise, the courts have recognized that if a fugitive files a petition for a writ of habeas

---

[2] Certain courts have issued stays following a certification of extradition. The government believes such an approach is practically unnecessary and legally ambiguous because it produces no final order subject to judicial review.

corpus, then the two-month period provided in 18 U.S.C. 3188 for delivering the fugitive following certification is tolled until the conclusion of the hearings on the habeas review. *Barrett v. United States*, 590 F.2d 624, 626 (6th Cir. 1978); *see also Jimenez v. U.S. District Court*, 84 S. Ct. 14 (1963) (Goldberg, J., Chambers Opinion); *and see Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) (a judicial extradition certification is not appealable and is subject only to an " extremely limited" collateral review through the habeas corpus process). Accordingly, once a habeas has been filed, the United States will not take any further action on the extradition unless, and until, the habeas petition is denied by the district court.

Therefore, a stay is simply not necessary in this case. Hilton is free to file a habeas petition and thereby toll the two-month period in which a fugitive would normally have to be delivered to the Requesting State after certification. Separately, the Department of State, pursuant to its practice and regulations, will not decide on whether or not to surrender Petitioner until this Court rules on his habeas petition. As the requirements to file a habeas petition are not onerous, the issues have been previously briefed, and the scope of review is quite limited, there would appear to be no need for a stay in order to facilitate review by the district court. Accordingly, a 60 day stay is unnecessary and will serve only to confuse the legal posture of the case and delay the extradition procedure. Indeed, the issuance of the 60 day stay creates a potentially perverse incentive, for it allows Hilton to delay for two months the filing of a habease petition.

The issuance of a stay is also legally questionable. Certification by the Court is not an executable order or action subject to a stay or an injunction. See, *Wisconsin Alumni Research Foundation v. Xenon Pharmaceuticals, Inc.,* 591 F.3d 876, 888 (7th Cir. 2010) ("A stay, unlike

an injunction, operates only on the judicial proceeding itself and does not otherwise prohibit the parties from acting. See also *Nken v. Holder*, 129 S.Ct. 1749, 1757-58 (2009) ("An injunction and a stay have typically been understood to serve different purposes. The former is a means by which a court tells someone what to do or what not to do.... By contrast, instead of directing the conduct of a particular actor, a stay operates upon the judicial proceeding itself.").")  The judicial officer cannot order "extradition" or "surrender to United Kingdom" – that is something only the Secretary of State can do under the relevant statutes, 18 U.S.C. §§ 3186 and 3188.

The Executive Branch acting through the President's designee, the Secretary of State, is solely entrusted with the final foreign policy decision to surrender Alexander Hilton by issuance of the Secretary's surrender warrant.  18 U.S.C. § 3186.  The Court's certification provides essential findings of law and fact on which the Secretary might rest his decision, but it does not order nor compel any action by the Secretary. He is free to grant or withhold extradition as a matter of diplomatic and foreign policy based upon his own examination of the case and is not confined by the certification order.   Section 3186 provides that "[t]he Secretary of State *may* order the person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged."  18 U.S.C. § 3186 (emphasis added); *United States v. Kin-Hong*, 110 F.3d 103, 109 (1st Cir. 1997) (noting that it is "within the Secretary of State's sole discretion to determine whether or not the relator should actually be extradited").

Even if a stay in such a situation was theoretically appropriate, it is not warranted here, where there is little likelihood that Hilton will succeed on the merits, no showing of irreparable harm to Hilton, and an obvious potential for delay that will harm the government and the public.

*Nken v. Holder*, 556 U.S. 418, 425 (2009).

If no stay is forthcoming, the government has previously argued that the statute requires that Hilton be detained as required by the plain language of the relevant statute. 18 U.S.C. § 3184 (if evidence supports extraditability, the Court *"shall certify"* and *"shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.")* . In addition to the plain, mandatory language of the statute, there are compelling policy reasons that militate against relief. In particular, following certification the fugitive's risk of flight increases due to the inevitability of extradition. Moreover, the interest of the United States and its treaty partners in complying with treaty obligations and producing persons subject to extradition is substantially greater following a judicial determination that extradition is legally authorized.[3]

---

[3] Contrary to the government's position, a few decisions have found that lower courts have inherent power to grant bail in appropriate extradition cases even following certification. See, e.g., *In re Extradition of Kapoor*, 2012 WL 2374195 (E.D.N.Y. June 22, 2012) (applying special circumstances test post-certification and granting bail); *Wroclawski v. United States*, 634 F.Supp.2d 1003 (D. Ariz. 2009) (same); *Garcia v. Benov*, 2009 WL 6498194, *5, n.23 (C.D. Cal. Apr. 13, 2009) (applying special circumstances test post-certification, but denying bail). The government submits that these cases either ignore or misconstrue the mandatory language of Section 3184.

For all the foregoing reasons, the government requests that the Court lift the stay, issue the proposed Certification and Order of Commitment, order Hilton detained.

.

Respectfully submitted,

**CARMEN M. ORTIZ**
UNITED STATES ATTORNEY


 /s/ *Theodore B. Heinrich*
THEODORE B. HEINRICH
Assistant United States Attorney
1 Courthouse Way, 9200
Boston, MA 02210
617-748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 */s/ Theodore B. Heinrich*
Theodore B. Heinrich
Assistant United States Attorney

Date: May 10, 2013